UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| NANA NICOLE HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 1:17-cv-156-JRG-SKL |
| v. | ) | |
| | ) | |
| AEROTEK. | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is an application ("Application") to proceed *in forma pauperis* ("IFP") filed by Nana Nicole Harding ("Plaintiff") [Doc. 2]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of a request to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he or she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit him to pay for the costs of the litigation and also be able to provide the necessities of life for himself and his dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's affidavit does not show she is unable to pay the $400.00 filing fee while still affording the necessities of life. It is somewhat difficult to determine Plaintiff's assets and liabilities as it appears she may have confused some of the balances and categories listed in her Application. For example, she reports her total liabilities are only $1,683.78; however, that amount may not be correct as she includes cable and rent which are also included in her itemized monthly expenses. In addition, in another portion of the liabilities section she states she has a bank loan in the amount $24,500 but does not list this in her total reported liabilities. It is also confusing as to what constitutes Plaintiff's combined monthly net household income.

In spite of the above-noted confusion, it appears Plaintiff is currently employed. In response to the section asking Plaintiff to state both gross and net salary and wages per month she states "$560 to $589 / pw. [or per ] + 220. overtime" and then lists net monthly income as $423. Plaintiff states her spouse's income as $3,200 per month and itemized living expenses are $4,300 per month but the totals listed do not equal $4,300, but rather around $3,500 of itemized living expenses. Additionally, Plaintiff has cash on hand in the amount of $500.00, a personal checking account of $500.00, and a $300.00 balance in her savings account.

No doubt, Plaintiff's financial situation is strained, but I cannot find she is unable to pay the Court's filing fee under the circumstances. Accordingly, I **RECOMMEND** that the Application

to proceed IFP [Doc. 2] be **DENIED**.[1]  In order to accommodate Plaintiff's financial situation, however, I further **RECOMMEND** that she be allowed to pay the filing fee in installments of $40 per month for ten months and that the clerk be directed to file the complaint upon payment of the initial installment with Plaintiff to provide for her own service of the complaint at her own cost.

> s/ *Susan K. Lee*
> SUSAN K. LEE
> UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the district court's order.  *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).